**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

In re

ANDREW SCOTT GRANOFF

Case No. 3:17-bk-30295-SHB
Chapter 7

Debtor

**MEMORANDUM OPINION ON ATTORNEYS' LIEN**

**APPEARANCES**:   LACY, PRICE & WAGNER, P.C.
    W. Allen McDonald, Esq.
    249 N. Peters Road, Suite 101
    Knoxville, Tennessee  37923
    Attorneys for Debtor

    MOORE & BROOKS
    Brenda G. Brooks, Esq.
    6223 Highland Place Way, Suite 102
    Knoxville, Tennessee  37919
    Attorneys for W. Grey Steed, Chapter 7 Trustee

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

Following a May 23, 2019 status hearing on the Motion to Compromise State Court Action ("Motion to Compromise") filed by W. Grey Steed, Chapter 7 Trustee ("Trustee") [Doc. 36], in addition to setting an evidentiary hearing and pretrial deadlines, the Court set a briefing schedule on a preliminary issue[1] raised at the hearing concerning the existence of an attorneys' lien asserted against the potential settlement proceeds at issue in the Motion to Compromise.  At the May 23, 2019, attorney W. Allen McDonald asserted that his firm, Lacy, Price & Wagner, P.C. (the "Firm"), asserts an attorneys' lien under Tennessee Code Annotated section 23-2-102 because Debtor hired the Firm to pursue the state court litigation that the Trustee now seeks to compromise for the benefit of the bankruptcy estate.

Attorney McDonald timely filed the Firm's brief, and the Trustee timely filed his response in opposition to the lien. [Docs. 67, 68.]  This matter is now ripe for adjudication on the limited issue of the validity of the asserted attorneys' lien.  Because Debtor lacked authority post-petition to bind the Trustee or encumber any asset of the estate, if the Court ultimately determines that the state court action at issue in the Motion to Compromise is property of the estate, the Firm is not entitled to an attorneys' lien.

The ultimate issue in dispute concerning the Motion to Compromise is whether the state court action sought to be compromised is an asset of the bankruptcy estate.  Because Debtor did not schedule the claim against David Jones, his alleged post-petition partner, to the extent that the asset is property of the estate, it was not abandoned by the Trustee's abandonment of estate property on March 21, 2017. *See* 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property *scheduled* under section 521(a)(1) of this title not otherwise administered at the time of the closing

---

[1] Although not technically a "threshold issue," any attorneys' lien on the settlement proceeds likely would impact the estate's recovery for the benefit of creditors in a way that could affect the Court's analysis under Federal Rule of Bankruptcy Procedure 9019.  Accordingly, the Court decided to take up the issue early.

of a case is abandoned to the debtor and administered for purposes of section 350 of this title." (emphasis added)).

Debtor retained the Firm on May 8, 2018 [Doc. 67-1], nearly eleven months after his case was closed following entry of discharge. It matters not for these purposes that his case was closed when he hired counsel to pursue the claim against Jones. If the claim was property of the estate, under § 554(c), it did not revert to Debtor on closure of his Chapter 7 bankruptcy case.

Debtors have no authority to bind Chapter 7 trustees or encumber estate property by contract or otherwise. *Cf. In re Hickman*, 384 B.R. 832, 839 (B.A.P. 9th Cir. 2008) ("To the extent that the counterclaim could lead to affirmative relief, it is, as noted, property of the estate controlled by the trustee as to which [the debtor] has no authority to bind the trustee."); *In re Tan, Lie Hung & Mountain States Invs., LLC*, 413 B.R. 851, 857 (Bankr. D. Or. 2009) ("Even if Debtor was the intended grantor, the parcel would have been property of the Chapter 7 estate. Accordingly, Debtor had no authority to convey any interest in this property."); *In re Milliren*, No. 05-30237, 2006 WL 3703277, at *1 (Bankr. D. Mass. Dec. 13, 2006) ("[T]he Court concludes that the Debtor cannot enter into the Agreement because . . . the Agreement provides for the Debtor to encumber the Property at a time when the real estate is property of the estate, 11 U.S.C. § 541, not property of the Debtor, and the Debtor has provided no authority to encumber property of the estate . . . ."). The Firm argues that its position is supported by Judge Richard Stair's decision in *In re Saroff*, 509 B.R. 166 (Bankr. E.D. Tenn. 2014). The *Saroff* decision, however, is inapposite because it concerned an attorneys' lien that arose prepetition. Had Debtor retained the Firm prepetition, *Saroff* would apply (of course, had that happened, there would be no question but that the claim at issue is property of the estate). Because Debtor's action to retain the Firm postpetition cannot bind the Trustee, the

Firm can have no attorneys' lien on the claim at issue if that claim is determined to be estate property.

Accordingly, if the Court ultimately determines that the state court action is property of the estate, the Firm will have no attorneys' lien.[2]

FILED:  August 12, 2019

                                        BY THE COURT

                                        */s/ Suzanne H. Bauknight*

                                        SUZANNE H. BAUKNIGHT
                                        UNITED STATES BANKRUPTCY JUDGE

---

[2] The Court does not decide here whether or to what extent the Firm might be entitled to pursue compensation under 11 U.S.C. § 503 if the asset at issue is ultimately deemed to be estate property.